IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERVIN EJ JOHNSON,                              Case No. 4:14 CV 867

                Petitioner,        MEMORANDUM OPINION

        -vs-

ROBERT L. FARLEY,

                Respondent.

KATZ, J.

*Pro se* Petitioner Ervin EJ Johnson filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated in FCI-Elkton, having pled guilty in 2007 in the United States District Court for the District of Kansas to one count of possession with intent to distribute five or more grams of cocaine base and one count of intentionally and unlawfully using and carrying a firearm during and in relation to a drug trafficking crime. In the Petition, he asserts his guilty plea was not knowingly and intelligently made because he did not understand the nature of his "use and carry" offense. He claims he is actually innocent of using and carrying a firearm in relation to a drug trafficking offense. He asks this Court to expunge his conviction and order his immediate release from prison.

**I. Background**

Petitioner alleges that on December 18, 2006, he "was loitering in front of an apartment building at 55th and Evertt Drive in [Kansas City,] Kansas... ." (Doc. No. 1-1 at 7). Police had received complaints of narcotic activity in this complex. *See Johnson v. United States*, Nos. 07–20096–CM, 10–2696–CM, 2011 WL 890718, at *1 (D. Kan. Mar. 11, 2011). Petitioner states he was approached by a Kansas City police officer. (Doc. No. 1-1 at 7). The officer became

concerned that Petitioner kept his hands in his pockets which is common when an individual is attempting to conceal a weapon. *Id*. The officer asked him to remove his hands to allay the officer's concerns. *Id.* Petitioner failed to cooperate with the request, and was subjected to a pat down by the officer for the officer's safety. While being patted down, the police officer believed he felt a gun located in Petitioner's coat pocket. (Doc. No. 1-1 at 7). Petitioner struggled out of his coat and ran from the officer, leaving his coat behind. (Doc. No. 1-1 at 7). He was not apprehended at that time. (Doc. No. 1-1 at 7). Petitioner states his coat had a fully loaded 40 caliber handgun and a plastic baggie containing 18 grams of crack cocaine in the right front pocket. (Doc. No. 1-1 at 7).

A similar incident occurred on February 12, 2007. Johnson was involved in a routine traffic stop for failure to stop at a stoplight. (Doc. No. 1-1 at 7). A female was also present in the vehicle with the Petitioner. *Id.* The officer asked Petitioner to exit the vehicle and placed him in handcuffs after noticing a round of ammunition on Petitioner's lap and observing Petitioner reach for his right hip area. *Id.* The officer discovered a gun holster on Petitioner's right hip, and further observed digital scales on the vehicle's console. *Id.* Petitioner then informed the officer that he owned a legal weapon which was located in the console of his vehicle. *Id.* After a search of Petitioner and the vehicle, the officer discovered $395 in cash on Petitioner, and a loaded 40 caliber handgun in the console. *Id.* Police officers questioned the passenger, who turned over a baggie containing eight grams of "crack" cocaine. *Id.* She informed the officers that Petitioner gave her the baggie to hide during the stop. *Id.* Petitioner, after being advised of his Miranda rights, admitted that he had given the "crack" cocaine to the passenger, that he often sold cocaine, and that the firearm was his for protection.

**A. First Plea**

On July 18, 2007, a grand jury indicted Petitioner on four counts: (1) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841; (2) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); (3) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841; and (4) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Petitioner entered into a plea agreement with the government in which he agreed to plead guilty to Counts Two and Four in exchange for a sentence of sixty (60) months on Count Two to run consecutive to a term of One Hundred Twenty (120) months on Count Four. The court, however, informed the parties that the court would not accept the plea until the sentencing hearing after a Presentence Investigation Report ("PSR") was issued. *Id.* at *2.

Prior to the sentencing hearing, the court reviewed the PSR and the statutory mandatory minimum sentence for Count 2 of five (5) years; and for Count 4, of twenty-five (25) years, to be served consecutively to any other sentence imposed. At the sentencing hearing on September 30, 2009, the court informed Petitioner the court had concerns about the legality of the recommended sentence in the plea bargain, based on the court's review of the statutes and their required mandatory minimum sentences regarding those offenses. The court did not believe it would be lawful to impose the recommended sentence that was part of the plea agreement, and allowed Petitioner to withdraw his guilty plea.

**B. Second Plea and Sentencing**

Petitioner entered into a second plea agreement on October 20, 2009. This time, he agreed to plead guilty to Counts Two and Three of the Indictment, with an agreed upon sentence of sixty

(60) months on Count Two, to run consecutive to a term of 120 months on Count Three. After reviewing the PSR and statutory provision for the term of imprisonment as to Count Three, the court determined that the recommended sentence was lawful, and accepted Petitioner's plea. The court then sentenced Petitioner pursuant to the parties' recommended sixty (60) months on Count 2 and 120 months to Count 3.

### C. Post Conviction

Petitioner filed a direct appeal on October 28, 2009, but dismissed it on December 16, 2009. He filed a Motion to Vacate under 28 U.S.C. § 2255 on December 27, 2010, asserting eight claims of ineffective assistance of counsel:

> (1) trial counsel failed to challenge the legality of the vehicle search in Count 4;
>
> (2) trial counsel failed to challenge the legality of his arrest in Counts 3 and 4;
>
> (3) trial counsel failed to investigate and challenge the constructive possession of the drugs in Counts 3 and 4;
>
> (4) trial counsel failed to move to suppress evidence from Counts 1 and 2;
>
> (5) trial counsel failed to advise petitioner of the applicability of the sentencing guidelines;
>
> (6) trial counsel committed cumulative errors throughout the duration of petitioner's case;
>
> (7) appellate counsel failed to advise petitioner of his rights under *Anders v. State of California*, 386 U.S. 738 (1967);
>
> (8) trial counsel failed to advise petitioner of the upcoming changes to the crack cocaine sentencing guidelines and their effect on petitioner's plea under Rule 11(c)(1)(C).

*Johnson v. United States*, Nos. 07-20096 CM and 10-2696-CM (D. Kan. Mar. 11, 2011). The

government moved to enforce the waiver provision of Petitioner's plea agreement. The Court concurred with the government, finding Petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for the court to enforce the waiver provision of Petitioner's plea agreement. The court denied the Motion to Vacate on March 11, 2011.

## II. Habeas Petition

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his guilty plea. He contends he is not guilty of violating 18 U.S.C. § 924(c). He states that the statute applies to any person who, during and in relation to any crime of violence or drug trafficking crime, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. 18 U.S.C.A. § 924(c)(1)(A). He argues the "using or carrying a firearm" provision only applies in conjunction with "during and in relation to" a drug trafficking crime, while mere possession of the firearm only violates the statute if it is in furtherance of a drug trafficking crime. He claims he pled guilty to "using or carrying" a firearm. While he acknowledges that he was found by police on two occasions to be in possession of both crack cocaine and a firearm, he contends he was not conducting a drug transaction at the time of his arrest, and therefore he could not

be said to be using or carrying a firearm during or in relation to a drug trafficking offense. He claims his trial counsel was ineffective for allowing him to plead guilty to this offense and for advising him to withdraw his appeal where he could have challenged his guilty plea. He asserts he is actually innocent of the crime, which enables him to assert this claim in an § 2241 habeas petition.

## III. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**IV. Discussion**

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was

"inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). To invoke the savings clause, Petitioner therefore must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after Petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions; (3) which is retroactive; and (4) which applies to the merits of the Petition to make it more likely than not no reasonable juror would have convicted him. *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Although Petitioner contends he is actually innocent of using or carrying a weapon during and in relation to a drug trafficking crime under 18 U.S.C.A. § 924(c), he has not demonstrated that his remedy under § 2255 was inadequate or ineffective to assert this claim as required by the savings clause. Petitioner cites to no intervening change in the law that occurred after his time to file a direct appeal or § 2255 motion expired. He was not prevented from asserting this claim on direct appeal or as part of his § 2255 Motion to Vacate in which he raised eight other grounds of

ineffective assistance of counsel. He cannot assert his remedy under § 2255 is inadequate or ineffective simply because three years after his § 2255 Motion was denied, he came up with a new legal theory under preexisting law to attack his counsel's effectiveness and challenge his guilty plea. *Charles*, 180 F.3d at 756. The savings clause does not apply to this case and Petitioner cannot challenge his conviction or sentence in a 28 U.S.C. § 2241 Petition.

**IV. Conclusion**

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE