PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MATHENY, ) | |
| ) | CASE NO. 4:14cv1867 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JOE COAKLEY, WARDEN, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 1] |

*Pro se* plaintiff James A. Matheny, a prisoner incarcerated in the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), brings this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging "'deliberate indifference to [his] serious medical needs,' medical malpractice and cruel and unusual punishment." ECF No. 1 at 1. He names as defendants Warden Joe Coakley and three employees on FCI Elkton's medical staff, and he seeks damages and injunctive relief. For the reasons stated below, Plaintiff's complaint is dismissed.

**I.  Plaintiff's Allegations**

Plaintiff's complaint contains two counts. In Count I, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs as a result of the prison medical staff's prescribing him "HCT" medication to treat his chronic high blood pressure. He alleges HCT has known risks and side effects and that the prison medical staff negligently prescribed Plaintiff HCT despite the adverse side effects he experienced from it. ECF No. 1 ¶¶ 3–5. Plaintiff alleges that, as a result of Defendants' "negligence and deliberate indifference" in treating him with

(4:14cv1867)

HCT, he developed severe pancreatitis from which he suffers permanent injury. ECF No. 1 ¶ 10.

Plaintiff also alleges that Defendants "have conspired to deliberately deny appropriate medial care" by refusing his requests to have "corrective surgery" for his pancreatitis. ECF No. 1 ¶ 8. Warden Coakley denied Plaintiff's request to be transferred to another medical facility on October 25, 2013, explaining:

> A review into this matter reveals you arrived at FCI Elkton on November 6, 2012, with a past medical history of cholecystectomy, high blood pressure, high cholesterol, Gastro-Esphageal Reflux disease (GERD), and cancer of your throat with surgery and radiation. . . . You have been evaluated periodically in Chronic Care Clinic for your conditions. Your most recent Chronic Care Clinic prior to your hospitalization was May 22, 2013, when you were first prescribed Hydrochloathiazide (HCTZ) to better control your blood pressure. This is a standard medication in the treatment for blood pressure and has a relatively low side effect profile. Medications as a whole are prescribed for their benefit to control health problems, yet all medications have unwanted and many times unforeseen side effects.
>
> On September, 4, 2013, you were hospitalized for pancreatitis. Pancreatitis is an inflammation of the pancreas often with unclear etiology or cause. In rare cases, prescription medications can precipitate this condition. In your case, the consulting physician commented that HCTZ, a common medication for blood pressure control, "may" have attributed [sic] to your case of pancreatitis. Although pancreatitis is a condition that warrants hospitalization and close monitoring, you were never considered critically ill. You have requested to be transferred to another facility due to your concerns of developing pancreatitis. Federal Medical Transfers are based on medical care levels of the inmate patient. FCI Elkton is a CARE Level II institution for which you are classified based on your current medical conditions. You do not meet the medical criteria for a Medical Center transfer at this time.
>
> Based on these findings, your Request for Administrative Remedy is denied. Health Services' staff will continue to monitor and evaluate your medical conditions as appropriate.

ECF No. 1-2 at 3.

In Count II, Plaintiff alleges that Defendants subjected him to cruel and unusual

2

(4:14cv1867)

punishment by their "repeated assessment's [sic] and denial's [sic] of medical treatment" and by denying Plaintiff a bottom bunk pass in retaliation for his request for treatment. ECF No. 1 ¶ 19.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e), or an action by a prisoner against government officials or employees under 28 U.S.C. § 1915A, if it fails to state a claim upon which relief can be granted. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007).

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

## III. Discussion

Even construing Plaintiff's complaint liberally, he has not alleged a viable constitutional

3

(4:14cv1867)

claim against Defendants. Failure to provide adequate medical treatment to a prisoner constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A constitutional claim of deliberate indifference requires a plaintiff to prove both objective and subjective components: that he had a serious medical need, and that the defendant acted with "deliberate indifference" to that need. *Dominguez v. Corr. Med. Serv., Inc.*, 555 F.3d 543, 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires the prisoner to show "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Allegations of negligence or ordinary medical malpractice are insufficient to demonstrate a constitutional claim of deliberate indifference. *See Grose v. Corr. Med. Serv., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010) (citing *Comstock*, 273 F.3d at 703). "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* (citing *Comstock*, 273 F.3d at 703). A prisoner's disagreement with the medical diagnosis or treatment he receives does not demonstrate a constitutional claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

4

(4:14cv1867)

Plaintiff's complaint and its exhibits on their face show that Plaintiff has been afforded medical care and attention at FCI Elkton. Although he contends prison medical staff negligently treated his high blood pressure with HCT and improperly failed to afford him corrective surgery and a lower bunk pass for his pancreatitis and other health conditions, his allegations are insufficient to demonstrate the defendants were "deliberately indifferent" to his medical needs. His disagreements with the medical treatment he has received may be actionable under state tort law, but they are insufficient to establish constitutional claims of "deliberate indifference" and "cruel and unusual punishment" under the Constitution. See Gibson v. Moskowitz, 523 F.3d 657, 667 (6th Cir. 2008) (recognizing that "the deliberate-indifference standard requires the plaintiff to prove more in the way of culpability than the medical-malpractice standard requires" in cases that allege that prison officials were deliberately indifferent to a plaintiff's medical needs).

## IV. Conclusion

This action is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| April 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |